Your name: Malik Haleem Swinton

Address: 503 Mission Hill Drive, Fort Wayne IN 46804

Phone Number: (260) 206-9879

E-mail Address: deanbrasco@hotmail.com

Pro se

-FILED-

AUG 14 2023

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

FORT WAYNE DIVISION

| | |
|---|---|
| Malik Haleem Swinton<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>United States of America, et al.<br><br>　　　　Defendant. | Case Number: 1:23-cv-00112-HAB-SLC<br><br>**PLAINTIFF SWINTON MALIK HALEEM, REPLY BRIEF IN SUPPORT OPPOSITION TO MOTION TO DISMISS**<br><br>JUDGE: Chief Judge Holly A. Brady<br><br>　　U. S. District Judge |

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 1:23-cv-00112-HAB-SLC                     1

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF OPPOSITION

## JOINT MOTION TO DISMISS

### FACTUAL BACKGROUND

This **Civil Complaint** is due to the wrongful and negligent act of federal employee (s) acting within his or her official duties of the United States. The purpose of this is for punitive damages and monetary compensation from injuries and damages the plaintiff sustained. This civil complaint is also for damage to my personal property and intentional infliction of emotional and physical harm and distress. The United States and the Department of Veterans Affairs breached their duty to act appropriately and to protect my family and I from harm and injury. I am also asking the court or judge for recovery of reasonable cause of litigation if the defendant refuses a fair settlement offer.

I am a 100% Total Disabled Individual Unemployable (TDIU) Military Veteran that has been repaying $300 per month since January 2021 for a medical debt overpayment despite the Department of Veterans Affairs Secretary suspending **All DEBT** for the 2022 year. Also, I have been rated under the Department of Veterans Affairs Medical Administration of 60%-100% as a fact with evidence of physical and mental disabilities, illnesses, and diagnoses for 22 years; of which the Department of Veterans Affairs already has in their medical records. So, it is impossible to have a medical debt and an overpayment because ALL of my medical care is **FREE** or taken care of for 22 years. I emphatically **DISAGREED** with this over payment. I requested multiple times through mail, electronically, and over the phone for a waiver of Debt Forgiveness.

April 2022: Veterans Affairs Debt Management Center refused all of my Financial Hardship waivers and Debt forgiveness requests.

March 2022: The Department of Veterans Affairs; Debt Management Center (DMC) and the Veteran Benefit Administration (VBA) decided to **garnish 100%** of my disability compensation despite me already having a **LEGAL PAYMENT PLAN ALREADY IN PLACE**. The entire garnishment of my disability pension and compensation without warning immediately put my family and I into an extreme financial hardship or poverty. I did not receive **due process** under the law to fix, or to take action, or to appeal before the final action was taken. I did not receive a letter in the mail, email, or phone call per VA's own policy. ALL of my pension and compensation payments just vanished. The garnishment of ALL my income is not being reported to the Department of Justice. On paper and on my online va.gov

documents shows that I am receiving 100% of ALL my income and benefits; but nothing is being deposited into my bank account and it shows $0 dollars and $0 cents on my monthly statements for the last year. **How is this possible?**

Since March 2022: I have NEVER received a receipt from the 100% of the garnishment ALL my income. **How am I paying money on a debt and NOT receiving a receipt?** This deduction could go on forever without a legal copy of a receipt and who's taking this money. The VA only responded to Congressmen's and the White House VA inquiries. Once the inquiries were in place, the Debt Management Center seemed to have retaliated. For example: 1. The Debt Management Center claimed they could NOT approve any of my financial hardship waivers and debt forgiveness waivers until I paid off my entire debt **FIRST**. 2. The Debt Management Center claimed they do not process, or calculate VA benefits, or VA debts, and does not have the authority to determine benefits eligibility and I needed an attorney. 3. The Debt Management Center claimed I owed more debt than they previously thought. 4. The Debt Management Center claimed I needed to contact the Department of Justice about my debt or payments. 5. The Debt Management Center claimed The Department of Justice U. S. Attorney Office did suspend all my debt but only earned income. Most of the above claims does not make sense, are lies, and contradicts their previous statements in the letters provided to Congress members.

January 2023: VA Debt Management Center would NOT answer; **How does a Disabled Military Veteran that has been 60%-100% for 22 years have a medical debt?** VA Debt Management Center would NOT return my calls. They would NOT return my mail until Congressional members stepped in. VA Debt Management Center would only claim my file is in a special unit. They REFUSED to tell my why or what the name of this special unit is called. The Debt Management Center operators said they cannot even access my basic information such as name, date of birth, and address.

February 2023: The **Department of Justice United States Attorney** suspended **ALL** of my debt and the VA Debt Management Center still refuses to release my pension and compensation payments after **14 months of garnishment.** This is why I'm asking a federal court to step in because VA Debt Management Center does not want to abide by the order from the Department of Justice U. S. Attorney Office.

**Damages**: My family vehicle was repossessed, we are currently going through an eviction, most of our utilities have been disconnected or canceled. I lost over $54,000 in pension and disability payments alone. I owe over $98,000 in vehicle payments. I owe approximately $5,000 in credit card, overdraft, and billing debt. I have multiple large needle wounds on both arms from donating blood and or plasma to pay the family bills.

**Damages**: Infliction of emotional and physical distress, extreme physical pain, stress, anxiety, PTSD, depression, insomnia, and high blood pressure. I'm also suffering mentally, psychologically, androgynous physically. I have suicidal thoughts and stuffing from nightmares.

## LEGAL STANDARDS

Under case number: CR–18–00586–001 YGR, Schedule payment F it states, Once the defendant is on supervisor release, restitution must be paid in monthly amounts of not less than $300 or at least 10% of earnings whichever is greater. The Department of Justice U. S. Attorneys Office of Northern California has suspended or terminated all debt payment. **See exhibit 8**

Under VA policy there are certain circumstances in which VA disability benefits can be garnished.  Specifically, if a veteran fails to make alimony and child support payments, the state can sometimes order their VA benefits to be garnished.  However, this garnishment typically depends on the veteran's military retirement pay status.  Generally speaking, VA disability benefits can only be garnished if the individual who is receiving those benefits has waived military retired pay to obtain the VA compensation.  In this case, only the amount of disability compensation that was paid in place of the military retired pay can be garnished.  **The remainder of the disability compensation is protected**. If a veteran has **not** waived their military retired pay, then VA benefits **cannot** be garnished at all. VA will decide the amount of disability compensation that can be reasonably garnished.  This analysis will consider the following factors:

- Whether the veteran has other sources of income (if VA disability compensation is the veteran's only source of income, credit debts, medical debts, student loans, and taxes **cannot** be garnished)
- Any special needs the veteran has that require more income
- The amount of income that is available to the veteran's former spouse
- Any special needs the veteran's former spouse and children not in their custody have that require extra fund.
- Typically, between 20 to 50 percent of VA disability benefits can be garnished as 20 percent is considered to be an **insufficient** amount for a veteran's dependents and 50 percent is considered to **cause undue hardship** to a veteran.  If the veteran has multiple children to support, equal payments will be provided to each child out of garnishment.  Outside of the military retired pay status criteria, **garnishment is not permitted when:**
- **Garnishment would cause undue financial hardship**

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 1:23-cv-00112-HAB-SLC    4

- A veteran's former spouse or child has not filed for apportionment (see below)
- A veteran's former spouse is living with another person and acting like they are married to that person
- A former spouse was found by state court to have been guilty of conjugal infidelity (i.e., cheating)

Under Public Law 95-30, a Veteran's disability compensation may be garnished in order to pay alimony or child support pursuant to a court order only if the Veteran receives disability compensation in lieu of an equal amount of MRP, in accordance with a total or partial MRP waiver. In these cases, under 5 CFR 581.103, finance activity and the Veterans Service Center (VSC)

- withhold disability compensation, and
- make a payment in compliance with the garnishment order for certain categories of payees.

According to 5 CFR § 581.103 If a veteran's disability compensation is subject to garnishment, the Department of Veterans Affairs will operate.  In these cases, a Finance Officer and the Veterans Service Center (VSC) work collaboratively to (1) withhold disability compensation, and (2) make a payment in compliance with the garnishment order for certain categories of payees. Upon receipt of any court garnishment order involving a veteran who receives VA disability compensation in lieu of military retired pay (as described above), the Regional Office will deliver a copy of the court order to the local Finance Officer.  The Financial Officer will review the veteran's claims folder to determine the appropriate withholdings and then notify the veteran of the pending garnishment action.  Furthermore, the Financial Officer **should provide the veteran with a copy of the garnishment order, a description of the garnishment process, and information about monthly garnishment limitations and decision review rights.  The VSC can then begin the process of withholding. (*The plaintiff was NEVER given this right*)**

According to the VA Secretary Denis McDonough in Washington DC, the Department of Veterans Affairs extended its financial hardship suspension on VA benefits debt through December 31, 2022. The plaintiff full garnishment started March 2022. **See exhibit 7.**

Under Federal Law 15 U.S. C. 1673; the maximum amount a creditor can receive is 25% of disposable earnings, unless state or local law provides a lower maximum amount. This applicable federal statute is the Consumer Credit Protection Act. Defense Finance Accounting Service (www.dfas.mil).

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 1:23-cv-00112-HAB-SLC

5

Under federal law, benefits cannot be garnished. In most cases federal benefits cannot be garnished to pay debts on credit cards, car loans, mortgages, and medical bills. The following benefits are exempt from garnishment: Social Security benefits, Supplemental Security, Income, SSI benefits, Veterans Benefits, Civil Service, and Federal Retirement and Disability Benefits, Military Annuities and Survivor Benefits, and Federal Emergency Management Agency Federal Disaster Assistance.

Under Title lll of the CCPA of the Department of Labor, Non-Tax Debts Owed to Federal Agencies, The Debt Collection Improvement Act authorizes federal agencies or collection agencies under contract with them to garnish up to 15% of disposable earnings to repay defaulted debts owed to the U.S. government for. Title III of the CCPA (Title III) limits the amount of an individual's earnings that may be garnished. The CCPA defines earnings as compensation paid or payable for personal services, **inclu**ding wages, salaries, commissions, bonuses, and periodic payments from a pension or retirement program. Payments from an employment-based disability plan are also earnings.

According to Oversight.gov which is ran by the Department of Veterans Affairs OIG. VA Did Not Provide Some Veterans Legally Required Notice and Due Process before Collecting Debts for the Compensation Program. During a prior review, the VA Office of Inspector General (OIG) discovered three scenarios in which the VA improperly collected debts from veterans without first providing them with legally required notice and due process and notified VA. **See exhibit 9.**

Under Authority 38 U.S.C. 5301 the Common Exemptions for Judgement Debtors are Veterans Benefits at 100%. Veteran's benefits are 100% exempt from garnishments.

Applicable Law and Regulations 38 U.S. Code § 5313B and 38 CFR 3.665 - Prohibition on providing certain benefits with respect to persons who are fugitive felons.

Under Applicable Laws and Regulations of the Veteran Affairs 38 U.S.C. 1151 the term dependency and indemnity compensation (DIC) includes compensation payable under 38 U.S.C. 1121 or 1141, compensation and DIC payable under 38 U.S.C. 1151, and any benefit payable under chapter 13 of title 38, United States Code.

Amount payable during incarceration for a Veteran rated 20 percent or more. A veteran with a service-connected disability evaluation of 20 percent or more shall receive the rate of compensation payable under 38 U.S.C. 1114(a).

(Authority: 38 U.S.C. 501(a), 5313, 5313B; Sec. 506, Pub. L. 107–103, 115 Stat. 996–997) [46 FR 47542, Sept. 29, 1981, as amended at 68 FR 34542, June 10, 2003; 79 FR 57697, Sept. 25, 2014]

**ARGUMENT**

The plaintiff has stated his claim in full details with facts and evidence. The defendant has NOT provided legal evidence for the full termination or garnishment of the plaintiff disability benefits and only income which, in fact has the plaintiff and his family in a financial hardship. Laws were enacted to prevent this very situation from occurring.

In regard to the motion of this not being in the jurisdiction of defendant: The plaintiff cannot file this claim in the Federal Court of Appeals for Veterans or the United States Court of Appeals for the Federal Circuit because the plaintiff was never legally denied benefits from the Department of Veterans Affairs. The plaintiff has contacted VA attorneys as well as the VA court of appeals and they stayed according to my files I have not been legally denied so there is nothing to appeal. The Federal Appeals court clerk also suggested a civil lawsuit is the best avenue because my monetary compensation was terminated which violated federal and state laws.

**Exhibit 1** clearly states the plaintiff is receiving full compensation and benefits. **Exhibit 1A** shows on the other hand, the plaintiff NOT receiving a penny of his full compensation and benefits. There is zero evidence the plaintiff has been denied full benefits.

For approximately 2 years the plaintiff has tried to file multiple compensation and pension claims in order to recover his disability pension and VA DMC went into the system and changed the plaintiff claims and closed it out in an attempt to cover up constitutional and civil rights violations. **See exhibit 2.**

The plaintiff has received at least 3 award letters from the VA since 2020 and NOT one award letter is a denial. If fact each award letter mentions his incarceration, his dependent child, and each award letter states once the plaintiff is released from incarceration his **FULL** veteran benefits will resume. **See exhibit 3, 4, 5.**

The first correspondence the plaintiff received from VA Debt Management Center in February 2021, stated a debt, payment arrangements, and they finished by saying: If the withholdings will create a financial hardship to contact their office with a financial statement report. The plaintiff contacted VA DMC multiple times and VA DMC ignored the plaintiff financial hardship waivers. This violated the plaintiff civil rights. **See exhibit 10.**

The VA Secretary suspended ALL debt for the year 2021-2022. This included medical, educational, and housing. VA refuse to acknowledge the policy set in place by the VA Secretary. On February 2023, the Department of Justice US Attorney's Office also suspended or terminated ALL of the plaintiff's debt. VA also refuse to acknowledge and abide with the law coming from the court. **See exhibit 7, 8.**

The VA has a history of collecting veteran's debts illegally without notice and due process under the constitution of the law. This exactly what happen to the plaintiff. The VA stole ALL of the plaintiff's pension and compensation payments and told him to hire an attorney. **See exhibit 9.**

The VA DMC in one letter told the plaintiff if he wanted his disability pension back to contact the Northern District of California and that's what the plaintiff did. The Department of Justice suspended and or terminated all of the plaintiff debt. The VA lied and said earn and unearn income is different. The VA DMC also alleged to not be in control of the plaintiff finances and that was NOT true. According to state and federal law's **(see above)** disability pension cannot be garnished and especially cannot be garnished at 100% because that would case financial hardship. VA DMC knew they were discriminating, harassing, and causing Cruel and Unusual Punishment on the plaintiff and his family. **See exhibit 6, 8.**

The plaintiff also filed a debt forgiveness waiver because it is impossible to have a debt with the VA if the plaintiff has been 60-100% disabled for over 20 years. ALL medical and educational benefits are FREE. Per VA policy all medical treatment is NOT charged by any clinic or hospital. **See exhibit 10 and 3 page 2.**

The Honorable Jim Banks, the Honorable Larry Bucshon both are US Congressman along with the White House VA, the Veterans Service Officer Joe Wasson, and the Assistant Attorney General for the Civil Rights Division of the VA have all tried to help correct this civil and constitutional wrong the plaintiff is presently facing from the VA DMC. **See exhibit 11.**

The defendant has also blocked the plaintiffs VA file. The plaintiff has tried several times to get access to his own file and no one else and the VA Debt Management Center refuses to speak to the plaintiff above his own veteran files. The defendant is covering up multiple constitutional and civil rights violations.

The defendant knowingly made false claims that the plaintiff was a fugitive felon just to cover up VA illegal activities of garnishing all of the plaintiff disability benefits. Under Applicable Veterans Affairs (VA) Laws and Regulation 38 U. S. C. 5313B, 38 CFR 3.31 (c) and 38 CFR 3.665 the plaintiff disability benefits should never been garnished at 100%. Even if

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 1:23-cv-00112-HAB-SLC                 8

the plaintiff was incarcerated, he is still entitled to 10- 20% under the regulations and laws. And after being released from incarceration the plaintiff benefits should have resume fully without interruption. The plaintiff is receiving less compensation than someone currently incarcerated and the plaintiff has a family to care for; this is a clear violation of the law. **See exhibit 4 and 5.**

The defendant owed to plaintiff and his dependent a duty of care. The defendant breached that duty of care by knowingly lying, providing false statements, misleading, being negligent and reckless with the plaintiff earned disability benefits. The defendant knew state and federal prohibits garnishing military disability benefits. The defendant also knew 100% termination of the plaintiffs only income would cause extreme financial hardship. The defendant also knew the plaintiff has a dependent or 5-year-old child that is also suffering from the defendant negligence.

The Plaintiff has been suffering from a number of injuries; ptsd, insomnia, depression, anxiety disorder, anxiety attacks, physical pain from excessive walking, and mental health issues among other illnesses. The plaintiff has multiple large needle wounds on both arms from donating blood and or plasma to pay the family bills.

These injuries were the result of defendant's breach of duty.

## CONCLUSION

Based on the defendant total disregard for VA Applicable Laws and Regulations, State and Federal Laws, and all the legal facts presented; the plaintiff is asking the court to hear this complaint in this federal court because experts can be brought in. The plaintiff cannot afford to travel to another court outside of Fort Wayne. In addition, this complaint cannot be heard in any other courts because the defendant **DID NOT** properly give **Notice and Due Process** under the law and regulation in the form of a denial of compensation letter. The plaintiff cannot appeal something that has not been denied. The defendant did not act according to the law when they garnished 100% of the plaintiff Veterans disability pension. The facts show 100% garnishment was an act of **cruel and unusual punishment** because Veterans pensions are exempt from garnishments and garnishments are capped at a percentage to keep veteran and their families from financial hardships.

The plaintiff is asking for monetary relief; compensatory and punitive damages because of the defendant's negligence that resulted in the plaintiffs' pain, suffering, and the loss of property amongst a list of other constitutional and civil rights violations. The

Plaintiff is asking for a settlement, back pay, reinstatement of disability pension, and a forgiveness of his debt. If this complaint goes to trial the plaintiff is asking the court for legal representation and a jury trial.

Respectfully submitted,

Date: August 14, 2023         Sign Name: _____

                              Print Name: Malik Haleem Swinton