UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK HALEEM SWINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case Number: 1:23-CV-112 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff's response to the pending motion to dismiss includes more than 40 pages of correspondence, with the Department of Veterans Affairs ("VA") and other entities, regarding the offset his benefits. (Doc. No. 17-1) Plaintiff has pled himself out of Court by attaching these exhibits to his response because there are statements in the correspondence which are contradictory to his allegations in his complaint. Also, this correspondence rebuts his claims of not receiving notice or due process regarding these offsets. Though the dates of some of these letters are covered with Plaintiff's exhibit stickers, it is clear that from approximately 2019-May 12, 2023, he received notifications of the amount of his benefits, suspensions of benefits due to his incarceration, reinstatement of benefits after his incarceration, and offsets of his benefits

related to the restitution he owes from his criminal conviction (not medical bills/debts). *Id.*

It is apparent that Plaintiff is merely unhappy with the VA's decisions regarding some of his requests and is making a futile attempt to have this court assist him. Plaintiff cannot dispute that the VA has been responsive to his requests and complaints. More importantly, he does not state any basis for this Court's review of these decisions.

Plaintiff does not and cannot dispute that the Veterans Judicial Review Act ("VJRA") governs the availability of judicial review for the VA's benefit determinations for disability or other benefits. 38 U.S.C. § 511(a). As detailed in Defendants' motion to dismiss, the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions. See 38 U.S.C. 511(a);.*Karmatzis v. Hamilton*, 553 F. App'x 617, 618–19 (7th Cir. 2014).

In addition, VA decisions under laws affecting benefits are subject to appeal within the VJRA scheme. Such appeals are taken first to the Board of Veterans' Appeals, an appellate body within VA, and are thereafter within the "exclusive jurisdiction" of the Veterans Court. 38 U.S.C. §§ 511(a), 7104(a), 7252(a). Congress has also authorized direct challenges to VA actions under 5 U.S.C. §§ 552(a)(1) or 553, including VA rules, interpretations, policy statements, and procedures, but has provided that such actions may be

2

brought only in the Federal Circuit. 38 U.S.C. § 502. Section 511(a) of title 38 precludes review of any VA decision under a law that affects the provision of benefits by VA, except as provided by sections 502 and 7252, or with respect to certain insurance and housing loan matters. Accordingly, Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction.

Substantively, there is no dispute that on July 19, 2019, Plaintiff was ordered to pay over $630,000 in restitution, including $249,541.62 to the VA as part of his sentence ordered in a criminal fraud case in the Northern District of California. (Doc. No. 16-2). Plaintiff includes copies of correspondence from the VA's Debt Management Center stating that the offsets are not related to a medical debt, but the restitution ordered in his criminal case. (Plaintiff's Exhibit Nos. 6 and 11, Doc. No. 17-1, pp.17 and 39)

In addition, Plaintiff's exhibits reveal these offsets are not occurring at the request of the U.S. Attorney's Office, but are handled by the VA. (Plaintiff's Ex. Doc. No. 17-1. pp.)[1] Also, since the VA is offsetting Plaintiff's benefits, not wages, there are no limits to the percentage of these offsets. (Plaintiff's Ex. 6, Doc. No. 17-1. p. 17) To further clarify, the VA's Debt Management Center facilitates the collection of debts owed, however they do not make the determinations regarding the substantive debt. *Id.* The VA's Debt

---

[1] There were some form letters that appeared to direct Swinton the Clerk's office and/or U.S. Attorney's office, but the other correspondence to him clarified that the VA was initiating these offsets.

3

Management website provides information regarding options for a debtor to seek relief from debt collection: https://www.va.gov/decision-reviews/#request-a-decision-review, (last accessed August 25, 2023).

In addition, there were a few responses to Congressional inquiries on Plaintiff's behalf to Hon. Jim Banks and Hon. Larry Buchshon, on dates including May 27, 2022, November 10, 2022, and March 28, 2023. (Plaintiff's Exhibit 11, Doc. No. 17-1, pp. 39-41) The correspondence in response to the Congressional inquiries, correctly, directed Plaintiff to contact the VA for further review of the VA's offsets.

Lastly, Plaintiff alleges financial and emotional injuries as a result of the VA offsets. As argued in Defendants' opening brief, Plaintiff' fails to state a cognizable tort claim under the Federal Tort Claims Act for these alleged injuries. (Defendants' Memorandum of Law, Doc. No. 16, pp. 8-10)

Defendants United States of America and Department of Veterans Affairs respectfully request that the Court grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) as this Court lacks subject matter jurisdiction over the complaint and/or alternatively dismiss all claims against them for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6).

        Respectfully submitted,

        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY

By:    s/ *Sharon Jefferson*
        SHARON JEFFERSON
        Assistant United States Attorney
        United States Attorney's Office
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Tel: (219) 937-5500
        Fax: (219) 852-2770
        Email: sharon.jefferson2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, attorney for the Defendants electronically filed a Reply Brief using the CM/ECF system. I further certify that on August 28, 2023, a copy of this document was sent by first-class mail to *pro se* Plaintiff, a non-CM/ECF participant:

Malik Haleem Swinton
503 Mission Hill Dr.
Fort Wayne, IN 46804

/s/ Sharon Jefferson
Sharon Jefferson
Assistant United States Attorney

U.S. Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN 46320