UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK HALEEM SWINTON, | ) |
| Plaintiff, | ) |
| V. | ) Case Number: 1:23-CV-112 |
| UNITED STATES OF AMERICA, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now United States of America and the Department of Veterans Affairs, by their counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Sharon Jefferson, Assistant United States Attorney, and move, pursuant to Federal Rule of Civil Procedure 12(f) and N.D. Ind. L.R. 7-1, to strike Plaintiff's Reply Brief in Support of his Opposition to Defendant's Joint Motion to Dismiss filed on September 1, 2023. (Doc. No. 21). Defendants state the following in support of their motion:

INTRODUCTION

On August 10, 2023, the Defendants filed a Joint Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim for relief, with

a supporting memorandum. (Doc. Nos. 15 and 16) On August 14, 2023, Plaintiff filed his response to the Defendants' Joint Motion to Dismiss. (Doc. No. 17) Plaintiff's response was titled "Plaintiff's Reply Brief in Support Opposition to Motion to Dismiss." *Id.* Defendants filed a joint reply brief on August 28, 2023. (Doc. No. 20). On September 1, 2023, Plaintiff filed a second response titled "Plaintiff's Reply Brief in Support Opposition to Motion to Dismiss." (Doc. No. 21) ("surreply"). Plaintiff's second response/reply is essentially Plaintiff's surreply.

## ARGUMENT

Defendants move to strike Plaintiff's surreply because there is no provision under the rules to allow a surreply without seeking leave of court to do so. Defendants are aware that Plaintiff is proceeding without the assistance of an attorney. However, pro se litigants must follow the rules of civil procedure. M*cNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir.2001).

Local Rule 7-1(d)(2) provides for the filing of a supporting brief or motion, a response from the opposing party, and a reply by the movant. Local Rule 7-1 grants no provision for the filing of a surreply in this district. The ability to file a surreply may be gained only by leave of the court and by the showing of

some factor that justifies deviation from the rule. *Taylor v. Lifetouch Nat. Sch. Studios, Inc.*, 490 F. Supp. 2d 944, 950 (N.D. Ind. 2007) citing *Goltz v. University of Notre Dame du Lac,* 177 F.R.D. 638, 641 n. 3 (N.D.Ind.1997).

Though surreplies are not contemplated in the local rules,   Courts may, however, allow a party to file a surreply if it "raises or responds to some new issue or development in the law." *Merrill Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2009 U.S. Dist. LEXIS 104990, 2, 2009 WL 5778276 (N.D. Ind. Nov. 9, 2009).

"Even if a party raises new issues in its reply, the opposing party is not permitted to submit a surreply absent leave of the court." *Risner v. City of Crown Point*, 2010 U.S. Dist. LEXIS 100064, 11, 2010 WL 3782210 (N.D. Ind. Sep. 21, 2010) (citing *Cleveland v. Porca*, 38 F.3d 289, 297 (7th Cir. 1994)). The court generally does not permit litigants to file a sur-reply brief. *Savage v. Finney*, No. 2:11 CV 100, 2011 WL 3880429, at *1 (N.D. Ind. Sept. 2, 2011) (internal citations omitted)

Here, Plaintiff did not seek leave of court to file his surreply. Also, his surreply does not provide any new evidence or law. Except for his unfounded claim that Defendants' attorney's office did not attempt to contact him regarding their request for an extension, he alleges nothing substantively different than he previously argued. Plaintiff merely reiterates the allegations

in his complaint and first response contesting the Veteran Affairs' offset of 100% of his Veteran's benefits. In addition, his surreply repeatedly directs the Court to the 40 pages of exhibits attached to his first response/reply filed on August 14, 2023.

Defendants contend that based on Plaintiff's failure to seek leave of court to file a surreply and there being no new evidence or law alleged in his surreply, the Court should strike Plaintiff's Reply in Opposition that was filed with the Court on September 1, 2023. (Doc. No. 21)

WHEREFORE, Defendants respectfully request that the Court strike Plaintiff's Reply Brief in Support of his Opposition to Defendants' Motion to Dismiss. (Doc. No. 21)

        Respectfully submitted,

        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY

By:   s/ *Sharon Jefferson*
       SHARON JEFFERSON
       Assistant United States Attorney
       United States Attorney's Office
       5400 Federal Plaza, Suite 1500
       Hammond, IN 46320
       Tel: (219) 937-5500
       Fax: (219) 852-2770
       Email: sharon.jefferson2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, attorney for the Defendants electronically filed this Motion with the Clerk of Court using the CM/ECF system. I further certify that on September 8, 2023, a copy of this document was sent by first-class mail to *pro se* Plaintiff, a non-CM/ECF participant:

Malik Haleem Swinton
503 Mission Hill Dr.
Fort Wayne, IN 46804

                                                 /s/ Sharon Jefferson
                                                 Sharon Jefferson
                                                 Assistant United States Attorney

OFFICE OF:
United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219) 937-5500
Fax: (219) 937-5544