UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK HALEEM SWINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-112-HAB |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, proceeding pro se, has sued the United States, the Veterans Administration ("VA"), and a VA official alleging they have wrongfully withheld Plaintiff's VA benefits. Defendants have jointly moved to dismiss the complaint. (ECF No. 15). That motion is fully briefed (ECF Nos. 16, 17, 20)[1] and ready for a ruling.

**I.   Well-Pleaded Facts**

Plaintiff alleges he is a "100% Total Disabled Individual Unemployable (TDIU) Military Veteran." (ECF No. 4 at 3). Since January 2021, he has been repaying to the VA a medical debt overpayment at a rate of $300.00 per month. Beginning in March 2022, the VA's Debt Management Center ("DMC") and Veteran Benefit Administration ("VBA") began garnishing 100% of Plaintiff's disability benefits. Plaintiff claims that the garnishment was accomplished without due process and contrary to VA procedures.

---

[1] Plaintiff filed a surreply (ECF No. 21) and Defendants moved to strike that surreply (ECF No. 22). The Court believes that it can rule on the motion to dismiss without reference to the surreply, so the motion to strike is DENIED AS MOOT. That said, Plaintiff is admonished that his pro se status does not mean that he can ignore the rules of civil procedure or this Court's Local Rules. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). The Court will expect, and enforce, strict compliance going forward.

## II.     Legal Discussion

### A.     *Motion to Dismiss Standard*

Defendants have moved to dismiss this case under Rules 12(b)(1) and (b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc*., 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co*., 623 F.2d 1207, 1210 (7th Cir. 1980).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on

the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citation and quotation marks omitted).

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.**     ***The Veterans Judicial Review Act ("VJRA") does not Deprive this Court of Jurisdiction***

Defendants first argue that this Court lacks jurisdiction over Plaintiff's claims under the VJRA, 38 U.S.C. § 511. Plaintiff disagrees, arguing that his claim is not covered by the VJRA because he is not complaining about the denial of benefits. The Court agrees with Plaintiff.

Under the statute, "[t]he Secretary shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits . . . to veterans . . .. Subject to subsection (b), the [Secretary's decision] shall be final and conclusive [and unreviewable]." 38 U.S.C. § 511(a). The Court of Appeals for the District of Columbia Circuit, the court most commonly tasked with interpreting our nation's regulatory scheme, has interpreted this provision as not bestowing on "the VA *exclusive* jurisdiction to construe laws affecting the provision of veterans benefits or to consider all issues that might somehow touch upon whether someone receives veterans benefits." *Broudy v. Mather*, 460 F.3d 106, 112 (D.C. Cir. 2006) (emphasis in original). "Rather, it simply gives the VA authority to consider such questions when making a decision about benefits." *Id*. Thus, this Court is deprived of jurisdiction over matters involving veterans' benefits only if it is required "to determine first whether the VA acted properly in handling" a request for benefits. *Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005) (citation and internal quotation marks omitted).

3

This Court concludes, following the lead of the D.C. District Court, that a "due process challenge to the VA's debt collection procedure does not trigger judicial review of a determination about benefits." *Rason v. Nicholson*, 562 F. Supp. 2d 153, 155 (D.D.C. 2008). The Court concedes that Plaintiff cannot circumvent the VJRA by couching his claim in constitutional terms. *Karmatzis v. Hamilton*, 553 Fed. App'x. 617, 619 (7th Cir. 2014). But to circumvent the VJRA, Plaintiff's claim must first fall within the VJRA. Because the Court finds that Plaintiff's due process claim does not ask the Court to review the VA's decision on Plaintiff's request for benefits, it must find that the VJRA does not apply. *Winslow v. Walters*, 815 F.2d 1114, 1117-18 (7th Cir. 1987) (holding that the predecessor to § 511 did not bar jurisdiction over "a suit challenging the constitutionality of the VA's procedures"). This Court has subject-matter jurisdiction over Plaintiff's claim.

C. *Plaintiff has Stated a Due Process Claim*

Jurisdiction aside, Defendants seek to characterize Plaintiff's claim as one under the Federal Tort Claims Act ("FTCA") and argue that he has failed to allege a state tort claim on which to base an FTCA claim. But any fair reading of Plaintiff's complaint and response show that his claim is one for a procedural due process violation under the Fifth Amendment. The Court concludes that, framed that way, Plaintiff has pleaded enough.

To establish a procedural due process violation, Plaintiff must plead: "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004). The Seventh Circuit has held that recipients of VA benefits have a constitutionally protected interest in those benefits. *Mathes v. Hornbarger*, 821 F.2d 439, 441-42 (7th Cir. 1987). And Plaintiff has pleaded that he was deprived of those benefits without due process. That is all that is required at this stage in the litigation.

**III.     Conclusion**

For these reasons, Defendant's motion to dismiss (ECF No. 15) is DENIED. Defendants' motion to strike (ECF No. 22) is DENIED AS MOOT.

SO ORDERED on October 31, 2023.

s/ <i>Holly A. Brady</i><br>
CHIEF JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT