UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MALIK HALEEM SWINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:23-cv-00112-HAB-SLC |
| ) | |
| **UNITED STATES** *of America*, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a second motion filed by *pro se* Plaintiff asking that the Court recruit an attorney to represent him pro bono. (ECF 33). The Court denied his first request for counsel because there was no evidence he had reasonably attempted to secure counsel by contacting at least three attorneys. (ECF 31, 32). Plaintiff has now satisfied that threshold inquiry. (ECF 33). For the following reasons, Plaintiff's second motion for counsel will also be denied.

*A. Applicable Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff

appears competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018); *Pruitt*, 503 F.3d at 654-58.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id*.

*B. Analysis*

Plaintiff, a disabled military veteran, claims in this suit that the Veterans Administration ("VA") and a VA official violated his procedural due process rights by wrongfully garnishing 100% of his VA pension and disability benefits. (ECF 25 at 1; *see* ECF 4). Having now reviewed Plaintiff's motion for counsel in light of the record, the request for counsel will be denied, as it is evident that Plaintiff appears capable of litigating his claims himself, at least at this stage of the proceedings.

To explain, it is clear from Plaintiff's filings and his telephonic appearance in Court that Plaintiff is literate and has good communication skills. To commence this suit, Plaintiff filed a

complaint ably describing the alleged bases for his claims and the relief that he seeks, together with a motion to proceed in forma pauperis ("IFP"). (ECF 1, 2). Plaintiff subsequently filed an amended complaint on the proper form at the Court's direction; another motion to proceed IFP, which was granted; and a jury demand. (ECF 3 to ECF 7). Notably, Plaintiff successfully defended his amended complaint from Defendants' motion to dismiss by filing a response brief, together with a response to a motion to strike. (ECF 17, 23, 25).[1] Further, Plaintiff telephonically appeared at the preliminary pretrial conference before the Court on November 29, 2023, at which he was able to adequately articulate his position. (ECF 29). Plaintiff also aptly conferred with opposing counsel about the discovery plan prior to the conference, and conferred on another occasion about a motion for extension. (ECF 28 at 1; ECF 38 ¶ 5).

Though Plaintiff relays in his motion that his is disabled, he does not explain how any of his medical conditions interfere with his ability to prosecute this case *pro se*. (*See* ECF 33 at 1 ("I am not competent enough to handle the complexity of this case because of my physical and mental disabilities as a military veteran.")). Further, it is not evident from the record, as Plaintiff's ability appears to surpass most *pro se* plaintiffs. *Cf. McCaa*, 893 F.3d at 1032-33 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the

---

[1] Plaintiff also filed a surreply (ECF 21) to the motion to dismiss, but because he did so without leave of Court, the Court did not consider it. (ECF 25 at 1 n.1).

record reflected the plaintiff's low IQ, functional illiteracy, and poor education).

Moreover, the facts of this case appear to be within Plaintiff's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Plaintiff is not incarcerated, and thus, he has the freedom and ability to perform his own legal research. In fact, Plaintiff has already written and served Defendants with a detailed request for admissions, request for production of documents, and interrogatories. (ECF 34 to ECF 36). Furthermore, Plaintiff has some experience litigating cases *pro se*. *See Swinton v. Coleman*, No. 1:23-cv-00073 (N.D. Ind. filed Feb. 16, 2023).

For these reasons, Plaintiff appears to be competent and fully capable of representing himself in this suit, at least at this stage of the proceedings. *See Zarnes*, 64 F.3d at 289. Consequently, his motion for counsel is DENIED without prejudice. In the event this case survives a motion for summary judgment and proceeds to trial or increases in complexity, the Court will reconsider Plaintiff's request for counsel on further motion. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("This court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED.

Entered this 29th day of February 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge