UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK HALEEM SWINTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23cv112 ) ) |
| UNITED STATES OF AMERICA and DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) |
| Defendants. | ) ) ) |

**UNITED STATES OF AMERICA AND DEPARTMENT OF VETERANS AFFAIRS' RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants United States of America and Department of Veterans Affairs, by Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney, Sharon Jefferson, objects and answers Interrogatories served on them by Plaintiff as follows:

**Introduction**

1. Plaintiff's interrogatories reference court-ordered garnishments. Defendants inform that there are no garnishments of the Plaintiff's monthly disability compensation payments. Plaintiff's disability compensation payments are subject to an offset by the Department of Veterans Affairs' Debt Management Center. This offset applies to Plaintiff's monthly disability compensation payment of $3,872.22 to recoup fraudulently-incurred benefit payments and restitution-related debt in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

1

2. These answers were prepared with the assistance of an attorney and may not reflect the exact wording of the individual(s) with knowledge regarding these answers.

Responses

**Question No. 1:** Identify by names, addresses, and positions of all persons that are making or made the decision to transfer, terminate, or garnish without Due Process 100% of the plaintiff constitution protected disability benefits?

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows for the relevant time period related to Plaintiff's lawsuit:

The Department of Veterans Affairs ("VA") denies that any decision regarding the Plaintiff's disability compensation benefits has been made without affording the Plaintiff due process notification in accordance with the Code of Federal Regulations. VA denies that any decision to garnish Plaintiff's disability compensation benefits has occurred. VA's Debt Management Center ("DMC") presently offsets the Plaintiff's monthly disability compensation payments, in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912, to recoup the debt amount which resulted from the Plaintiff's prior acquisition of disability compensation benefits through fraud. The VA DMC's address is:

Department of Veterans Affairs
Debt Management Center
P.O. Box 11930
St. Paul, MN 55111-0930

On July 19, 2019, the Plaintiff pled guilty to Wire Fraud (18 U.S.C. § 1343) in the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR). The plea resulted, in part, from Plaintiff's fraudulently obtaining VA disability compensation benefits through false statements and false records. The Plaintiff was sentenced to imprisonment and ordered to pay VA restitution in the amount of $249,541.62.

At the time of the Plaintiff's criminal sentencing described above, the Plaintiff was receiving VA disability compensation benefits for what were previously determined

to be and believed to be service-connected injuries/conditions, and the Plaintiff had been receiving disability compensation payments from the VA monthly for over 18 years.

The VA DMC sent the Plaintiff due process letter notifications regarding his benefit debt on April 1, 2019, September 12, 2019, and September 24, 2019, informing the Plaintiff of his debt balance in each letter ($18,550.51, $213,478.36 and $212,577.47, respectively), referring to VA's right to recoup by monthly benefits offset in all three letters, and specifically informing the Plaintiff of the monthly offset amounts in the April 1, 2019, and September 24, 2019, letters ($1,546.00 per month and $1,686.05 per month, respectively).

From August 1, 2019, through September 1, 2019, the VA DMC received a total of $3,092.00 in compensation benefit withholdings from the Plaintiff and applied that amount to the Plaintiff's existing debt. Between October 1, 2019, and January 1, 2020, the VA DMC received $1,765.05 in benefit withholdings from the Plaintiff and applied that amount to the Plaintiff's existing debt. On January 15, 2020, the Oakland, California VA Regional Office ("RO") adjusted the Plaintiff's compensation benefits which created a retroactive payment of $529.04. The retroactive payment was applied to reduce the debt balance in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912. On February 22, 2021, the Oakland VARO adjusted the Plaintiff's compensation benefits which created a retroactive payment of $6,469.59. Of this amount, $4,942.88 was applied to the Plaintiff's debt. The remaining $1,526.71 of the retroactive payment was issued to the Plaintiff on March 1, 2021. On June 17, 2021, the Oakland RO adjusted the Plaintiff's compensation benefits which created a retroactive payment of $5,211.09. The retroactive payment was applied to reduce the debt balance in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

From April 22, 2020, through January 14, 2022, the VA DMC received a total of $700.05 in payments from the Plaintiff, which were applied to reduce the debt balance.

Between June 1, 2021, and March 1, 2022, the VA DMC received $3,000.00 in benefit withholdings all of which was applied to the Plaintiff's existing debt. Between April 1, 2022, and March 1, 2024, the VA DMC received $87,822.36 in benefit withholdings all of which was applied to the Plaintiff's existing debt.

On December 20, 2022, DMC received a $2,214.19 in payment from the Plaintiff which was applied to reduce the debt balance.

As of this date, the Plaintiff's debt balance to VA is $107,875.52. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

On February 26, 2024, the Board of Veterans Appeals dismissed Plaintiff's appeals regarding the denial of a waiver request by the Plaintiff, the validity of a "repayment plan due to court ordered garnishment of VA compensation benefits," and the validity of court-ordered restitution. (The Board of Veterans Appeals is correct that they do not have jurisdiction to rule on court-ordered garnishments. However, there are currently no court-ordered garnishments, only the VA's offset of Plaintiff's benefits. )

VA sent the Plaintiff due process letters regarding his benefits (including amounts, entitlement, requirement for more evidence, denial and termination thereof) from no fewer than 15 VA Regional Offices since 2001. The VA DMC sent the Plaintiff numerous due process letters, explaining the Plaintiff's debt to VA, VA's right and intent to offset Plaintiff's monthly disability compensation benefits and the Plaintiff's rights to request a waiver or a repayment plan, along with other due process rights.

**Question No. 2:** Identify with evidence and documentation why the plaintiff financial hardship waivers and debt forgiveness requests were rejected, ignored, and or denied by the Veterans Affairs, and or Veterans Affairs Debt Management Center, and or Veterans Benefits Administration when the plaintiff made it clear that was his only source of income?

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows regarding the relevant time period related to his lawsuit:

VA denies that any due process right exercised by the Plaintiff has been ignored or improperly adjudicated.

On July 19, 2019, the Plaintiff pled guilty to Wire Fraud (18 U.S.C. § 1343) in the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR). The plea resulted, in part, from Plaintiff's fraudulently obtaining VA disability compensation benefits through false statements and false records. The Plaintiff was sentenced to imprisonment and ordered to pay VA restitution in the amount of $249,541.62.

At the time of the Plaintiff's criminal sentencing described above, the Plaintiff was receiving VA disability compensation benefits for what were previously determined to be and believed to be service-connected injuries/conditions, and the Plaintiff had been receiving disability compensation payments from the VA monthly for over 18 years.

The VA DMC sent the Plaintiff due process letter notifications regarding his benefit debt on April 1, 2019, September 12, 2019, and September 24, 2019, informing the Plaintiff of his debt balance in each letter ($18,550.51, $213,478.36 and $212,577.47, respectively), referring to VA's right to recoup by monthly benefits offset in all three letters, and specifically informing the Plaintiff of the monthly offset amounts in the April 1, 2019, and September 24, 2019, letters ($1,546.00 per month and $1,686.05 per month, respectively).

The VA DMC received requests for waivers from Mr. Swinton on several occasions during 2022. 38 C.F.R. §§ 1.962, 1.963 and 1.965 preclude the granting of a debt waiver where fraud, misrepresentation or bad faith is present. On February 26, 2024, the VA Board of Veterans Appeals ordered: "The issue of entitlement to a waiver of overpayment of VA compensation benefits due to a retroactive severance of service connection and removal of dependent spouse is dismissed."

All information regarding waiver rights was previously mailed to the Plaintiff.

*See Documents produced by Defendants in response to Plaintiff's Request for Production of Discovery Documents.

**Question No. 3:** Identify with evidence and documentation why the plaintiff has a debt when he has been 60%-100% permanent and totally AND unemployable due to his military disabilities by the VA for the last 23 years with ALL of his education, bills, and medical aid fully paid for by the Department of Veterans Affairs?

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows:

On July 19, 2019, the Plaintiff pled guilty to Wire Fraud (18 U.S.C. § 1343) in the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR). The plea resulted, in part, from Plaintiff's fraudulently obtaining VA disability compensation benefits through false statements and false records. The Plaintiff was sentenced to imprisonment and ordered to pay VA restitution in the amount of $249,541.62.

See Response to Question No. 1 above for a chronological listing of debt amounts, payments and recoupment offsets.

The following is a chronological history of the Plaintiff's current VA disability rating and status:

- 10/10/2000 VA Form 21-526 Veteran's Application for Compensation or Pension
- 02/21/2001 VA Form 21-8947 Compensation and Pension Award 60%
- 03/21/2001 VA Form 21-4138 Request for Individual Unemployability (IU)
- 02/07/2002 Award – no change to benefit, IU denied
- 07/25/2008 VA Form 21-686C Declaration of Status of Dependents, add spouse
- 04/21/2009 Award – $1,719.00 add spouse, effective 09/01/2007
- 07/01/2011 VA Form 21-4138 Statement in Support of Claim
- 07/23/2012 VA Form 21-8940 Veteran's Application for Increased Compensation Based on Unemployability
- 03/14/2013 VA Memo – Formal Finding of a Lack of Information Required to Corroborate Associate with a Claim for Service Connection
- 06/25/2013 Award increased to 100% effective 07/01/2011
- 03/20/2019 Award – remove spouse, effective 09/01/2007
- 09/10/2019 Award – sever conditions (after judgment and sentencing), effective 12/01/2011
- 09/18/2019 New award (after severance of previous conditions) adjusted to 70%
- 06/16/2021 Award adjusted to 80%, effective 03/01/2021
- 10/08/2021 Award adjusted to 80% with IU, effective 02/09/2021

The Plaintiff is currently rated as an 80% service-connected, disabled Veteran being compensated at the 100% rate due to Individual Unemployability. As of this date, the Plaintiff's debt balance to VA is $107,875.52, stemming from restitution ordered by the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR) on July 19, 2019, in the total amount of $249,541.62. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

All benefit decision letters were previously mailed to the Plaintiff.

*See Documents produced by Defendants in response to Plaintiff's Request for Production of Discovery Documents.

**Question No. 4:** Explain what role with evidence and documentation did Greg Coleman (Probation Officer), the Probation and Pretrial Services, Garret shore (OIG) and the Office of Inspector General played in forcing the Department of Veterans Affairs to garnish all of Mr. Swinton's disability pension and compensation?

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad,

6

unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows:

The above-referenced individuals played no role in VA offsetting the Plaintiff's monthly disability compensation payments.

On July 19, 2019, the Plaintiff pled guilty to Wire Fraud (18 U.S.C. § 1343) in the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR). The plea resulted, in part, from Plaintiff's fraudulently obtaining VA disability compensation benefits through false statements and false records. The Plaintiff was sentenced to imprisonment and ordered to pay VA restitution in the amount of $249,541.62.

As of this date, the Plaintiff's debt balance to VA is $107,875.52. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

**Question No. 5:** In October 2023, the Federal district court ruled that the plaintiff federal disability income and benefits are protected from garnishment by the United States Constitution AND the Veterans Board of Appeals court ruled the Department of Veterans Affairs never made a decision to garnish Mr. Swinton's VA disability benefits: Explain why has the plaintiff not received a penny of his disability benefits and compensation income in 23 months?

**Response:**

Defendants object to this Interrogatory to the extent is calls for legal conclusions. Defendants also object as it seeks to discover the legal theories of counsel, which are protected by work product doctrine. Defendants also object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Subject to and without waiving these objections, Defendants respond as follows:

VA denies that the U.S. District Court for the Northern District of Indiana ruled that the Plaintiff's VA disability compensation and benefits are protected from garnishment by the United States Constitution. VA denies that any garnishment of the Plaintiff's monthly disability compensation payments is occurring. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup fraudulently-incurred benefit payments and restitution-related debt in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

On February 26, 2024, the Board of Veterans Appeals dismissed Plaintiff's appeals regarding the denial of a waiver request by the Plaintiff, the validity of a "repayment plan due to court ordered garnishment of VA compensation benefits," and the validity of court-ordered restitution. (The Board of Veterans Appeals is correct that they do not have jurisdiction to rule on court-ordered garnishments. However, there are currently no court-ordered garnishments, only the VA's offset of Plaintiff's benefits. )

**Question No. 6:** Provide all evidence and documentation you have from approximately March 2022 that supports the garnishment of ALL of the plaintiff's disability income?

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows:

The Plaintiff is currently rated as an 80% service-connected, disabled Veteran being compensated at the 100% rate due to Individual Unemployability. As of this date, the Plaintiff's debt balance to VA is $107,875.52, stemming from restitution ordered by the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR) on July 19, 2019, in the total amount of $249,541.62. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

*See Documents produced by Defendants in response to Plaintiff's Request for Production of Discovery Documents.

**Question No. 7:** Provide all evidence and documentation that can explain why the plaintiff Debt Management Center files have been in a 2-year Special Review which is blocking everyone including Mr. Swinton from seeing his own files.

**Response:** Defendants object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it does not include a specific time period. Subject to and without waiving these objections, Defendants respond as follows:

The VA DMC is unaware of any "2-year Special Review," and VA denies blocking Plaintiff's access to information related to his ongoing relationship with VA. All benefit decision letters were previously mailed to the Plaintiff. All information

8

regarding waiver rights was previously mailed to the Plaintiff. All debt letters were previously mailed to the Plaintiff. The Plaintiff may also access numerous documents, files and chronological records related to his claims and debts via VA's website https://va.gov.

**Question No. 8:** Identify with evidence and documentation why the Veterans Affairs Debt Management Center and the Veterans Benefits Administration decided to ignore and delete all evidence of the plaintiff's repayment legal agreement plan with the Department of Veterans Affairs dating back to 2021.

**Response:** Defendants object to the is Interrogatory as it is harassing and argumentative, Defendants also object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants also object to this Interrogatory to the extent it is vague and overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, Defendants respond as follows:

The VA DMC has not deleted any evidence. The VA DMC has no repayment plan in place with the Plaintiff. All debt letters were previously mailed to the Plaintiff. As of this date, the Plaintiff's debt balance to VA is $107,875.52, stemming from restitution ordered by the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:18-CR-00586-YGR) on July 19, 2019, in the total amount of $249,541.62. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912.

**Question No. 9:** Identify by names, positions, phones numbers, and addresses of all of your witnesses and experts from the Department of Veterans Affairs and everyone involved with the garnishment of Mr. Swinton's disability benefits.

**Response:** Defendants object to this Interrogatory to the extent it is premature. Defendants will provide this information in accordance with the discovery rules and the Court's pretrial orders.

Subject to and without waiving these objections, Defendants' witnesses will be supervisors and analysts from the VA DMC. The VA DMC's address is 1 Federal Dr., Suite 4500, P.O. Box 11930, St. Paul, MN 55111. VA does not plan to utilize expert testimony in this matter but reserves its right to do so in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Defendants will supplement their answer to this Interrogatory in accordance with the discovery rules and Court orders.

9

As stated in detail above, VA denies that the Plaintiff's VA disability compensation benefit is being garnished. The VA DMC presently offsets the Plaintiff's monthly disability compensation payment.

**Question No. 10:** Provide documentation and evidence proving the Department of Veterans Affairs gave the plaintiff Due Process under the constitution before garnishing 100% of his disability pension and compensation payments for the last 23 months.

**Response:** Defendants object to this Interrogatory to the extent is calls for legal conclusions. Defendants also object as it seeks to discover the legal theories of counsel, which are protected by work product doctrine. Defendants also object to this Interrogatory because it seeks information in the possession of, known to, or otherwise equally available to the Plaintiff. Subject to and without waiving these objections, Defendants respond as follows:

VA denies that the Plaintiff's VA disability compensation benefit is being garnished. The VA DMC presently offsets and applies the Plaintiff's monthly disability compensation payment of $3,872.22 to recoup the Plaintiff's remaining debt amount in accordance with 38 U.S.C. § 5314 and 38 C.F.R. § 1.912. The VA DMC sent the Plaintiff due process letter notifications regarding his benefit debt on April 1, 2019, September 12, 2019, and September 24, 2019, informing the Plaintiff of his debt balance in each letter ($18,550.51, $213,478.36 and $212,577.47, respectively), referring to VA's right to recoup by monthly benefits offset in all three letters, and specifically informing the Plaintiff of the monthly offset amounts in the April 1, 2019, and September 24, 2019, letters ($1,546.00 per month and $1,686.05 per month, respectively). Neither 38 U.S.C. § 5314 and 38 C.F.R. § 1.912 require additional due process to recoup remaining fraud-related debt amounts as benefits change, increase or decrease.

All benefit decision letters were previously mailed to the Plaintiff. All information regarding waiver rights was previously mailed to the Plaintiff. All debt letters were previously mailed to the Plaintiff. The Plaintiff may also access numerous documents, files and chronological records related to his claims and debts via VA's website https://va.gov.

*See Documents produced by Defendants in response to Plaintiff's Request for Production of Discovery Documents.

## VERIFICATION

I, Julie Lawrence, state that:

The foregoing answers to the Interrogatories are true and correct to the best of my knowledge, information, and belief based either on my personal knowledge or on information obtained from the files and records of the United States Department of Veterans Affairs.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 6, 2024.

*[signature]*
Julie Lawrence
Chief of Operations
Treasury, Education, External Relations Division
Debt Management Center 189
U.S. Department of Veterans Affairs

## OBJECTIONS

The attorney for the Defendants, United States of America and Department of Veterans Affairs, made the objections noted above in the foregoing answers to the Interrogatories.

**Dated:** March 5, 2024

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

BY:   /s/Sharon Jefferson
Sharon Jefferson
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Tel:   (219) 937-5500
Fax:   (219) 852-2770
E-mail:  Sharon.Jefferson2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2024, attorney for the Defendants electronically filed their Answers to Plaintiff's Interrogatories using the CM/ECF system. I further certify that on March 6, 2024, a copy of these responses were sent by Secure Federal Express to *pro se* Plaintiff, a non-CM/ECF participant:

Malik Haleem Swinton
503 Mission Hill Dr.
Fort Wayne, IN 46804
and
Email: <u>deanbrasco@hotmail.com</u>

                                                          <u>/s/ Sharon Jefferson</u>
                                                          Sharon Jefferson
                                                          Assistant United States Attorney

U.S. Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN 46320