UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MALIK HALEEM SWINTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:23-cv-00112-HAB-SLC** |
| | ) | |
| UNITED STATES *of America*, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is a motion to compel filed by *pro se* Plaintiff on March 25, 2024, asking that the Court order Defendants to produce his requested discovery and to stop being "extremely evasive and dishonest in their answers" and "falsifying, altering, and attempting to mislead the plaintiff and the court." (ECF 43 at 1-2). Defendants filed a response in opposition to the motion on April 8, 2024, along with supplemental discovery responses. (ECF 44, 45). Plaintiff has not filed a reply brief, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion to compel is ripe for ruling.

*A. Case Background*

On March 16, 2023, Plaintiff, who alleges that he is a "100% Total Disabled Individual Unemployable (TDIU) Military Veteran" (ECF 4 at 3), filed this case against Defendants the United States, the Department of Veterans Affairs ("VA"), and a VA official (ECF 1). In his operative complaint, Plaintiff states that since January 2021 he has been repaying a medical debt overpayment to the VA at the rate of $300 a month. (ECF 4 at 3). He claims that beginning in March 2022, the VA wrongfully "garnish[ed] 100% of [his] disability compensation . . . without warning . . . .[and] due process," putting he and his family "into extreme financial hardship or

poverty." (*Id.* (bold emphasis omitted)). He asks that the Court order Defendants to "release [his] pension with back payments" and award him punitive damages and compensatory damages of $1 million. (*Id.* at 5).

Defendants subsequently filed a motion to dismiss, which was denied by the Chief District Judge on October 31, 2023. (ECF 15, 25). In that Order, the Chief District Judge concluded that the Court has subject-matter jurisdiction over Plaintiff's claims and that Plaintiff's operative complaint sets forth a claim "for a procedural due process violation under the Fifth Amendment." (ECF 25 at 4).[1]

The Court held a preliminary pretrial conference on November 29, 2023, setting the following deadlines: May 31, 2024, for the completion of all discovery, and June 28, 2024, for the filing of dispositive motions. (ECF 29, 30). On February 12, 2024, Plaintiff filed Requests for Admission (five in total) (ECF 34), Requests for Production of Discovery Documents (three in total) (ECF 35), and Interrogatories (ten in total) (ECF 36). Defendants responded to the Requests for Admission on February 21, 2024 (ECF 37), and to the Interrogatories and Requests for Production on March 6, 2024 (ECF 41, 42).

As stated above, Plaintiff filed the instant motion to compel on March 25, 2024. (ECF 43). On April 8, 2024, Defendants file a response in opposition to the motion, together with supplemental responses to the Requests for Production. (ECF 44, 45).

---

[1] The District Judge articulated the elements of a procedural due process claim as "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process," (*id.* (citing *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004)), and further, that "[t]he Seventh Circuit has held that recipients of VA benefits have a constitutionally protected interest in those benefits" (*id.* (citing *Mathes v. Hornbarger*, 821 F.2d 439, 441-42 (7th Cir. 1987)).

*B. Legal Standard*

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers. Fed. R. Civ. P. 37(a)(1). The moving party generally bears the burden of proving that the discovery he is seeking is relevant to the case. *See United States v. Lake Cnty. Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006) (citations omitted). "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-02288-SLD-JEH, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (collecting cases).

*C. Analysis*

1. <u>Requests for Admission</u>

Plaintiff first takes issue with Defendants' responses to his Requests for Admission. (ECF 43 at 2-3; *see* ECF 37). He argues that Defendants' responses are deficient for "repeating the same offset and ignoring all other facts." (ECF 43 at 2). He reiterates that "he never received an opportunity to dispute his indebtedness before the 100% offset or deduction." (*Id.* (emphasis omitted)).

The Court has reviewed Defendants' responses to Plaintiff's Requests for Admission and does not find them evasive, incomplete, or non-responsive. (ECF 37). For each Request for

3

Admission, Defendants "answered, denied, or objected," and "each of these responses are acceptable." *Black v. Friedrichsen*, No. 1:19-cv-00307-WCL-SLC, 2021 WL 164797, at *8 (N.D. Ind. Jan. 19, 2021) (citations omitted). "Plaintiff may disagree with Defendants' answers and may disagree with Defendants' version of the events, but neither of these issues are grounds for a motion to compel." *Id.* Therefore, Plaintiff's motion to compel will be DENIED as to the Requests for Admission.

    2. Interrogatories

Plaintiff also contends that Defendants' responses to his Interrogatories are deficient. As to each Interrogatory (ECF 41), Plaintiff repeatedly argues that Defendants "refuse to answer [the] question honestly" and "just copied and pasted the same debt information" (ECF 43 at 3-10). Plaintiff also alleges that his probation officer and the VA employees are "clearly involved in this theft . . . and . . . are lying," and that Defendants "ha[ve] tampered with evidence." (*Id.* at 3 ("Everyone involved keeps lying, altering and deleting evidence, and covering up evidence . . . ."); *see also id.* at 6 ("The defendants are lying under oath to the plaintiff and court . . . .")).

Additionally, Plaintiff launches at length into arguments and facts pertaining to the substance of his claim (*id.* at 3-12), but those arguments are premature in a motion to compel discovery responses. *See Tims v. Tessman*, No. 19-cv-508-wmc, 2022 WL 3974193, at *2 (W.D. Wis. Sept. 1, 2022) ("It doesn't advance the ball [in a motion to compel] for [the plaintiff] to present arguments about the merits of [his] claims, or to argue that defendants' handling of discovery reflects a larger conspiracy against him."); *In re Aqua Dots Liab. Litig.*, 270 F.R.D. 322, 326 (N.D. Ill. 2010) ("At this stage in the litigation and relevant to this discovery motion, evaluating the merits of [the plaintiff's] claims is premature.").

The Court has reviewed Defendants' answers to Plaintiff's Interrogatories and finds them sufficiently responsive. "The fact that the defendants disagree with the plaintiff, or that they do not remember the incident the way the plaintiff does, does not mean that they are lying under oath." *Braithwaite v. Bille*, No. 17-CV-706-PP, 2020 WL 4934586, at *7 (E.D. Wis. Aug. 24, 2020). "It is not the court's job, or even the plaintiff's, to decide whose version of events is the most credible. That is the jury's job." *Id.* Nor has Plaintiff produced reliable evidence that Defendants have "tampered" with evidence or witnesses. (ECF 43 at 3). That is, Plaintiff has offered only speculation, not affirmative evidence that Defendants altered or destroyed evidence. *See Gregg v. Local 305 Ibew*, No. 1:08-CV-160, 2009 WL 1325103, at *10 (N.D. Ind. May 13, 2009) (noting when considering plaintiff's motion to compel that "[d]espite [the plaintiff's] concerns about spoliation, he offers no evidence that the [defendant] has altered or destroyed evidence or otherwise acted in bad faith"). Consequently, Plaintiff's motion to compel will be DENIED as to the Interrogatories.

3. Requests for Production

As stated earlier, Defendants produced documents responsive to Plaintiff's Requests for Production on March 6, 2024, and then further supplemented their response on April 8, 2024. (ECF 42, 44). While Plaintiff includes the Requests for Production generally in the motion to compel, he fails to advance any specific argument or deficiency about Defendants' response to the Requests. (*See* ECF 43). At most, he conclusorily alleges that Defendants "repeat[ed] the same debt information" and failed to provide "documentation, witnesses, persons, names, addresses, or phone numbers to the plaintiff." (*Id.* at 3).

The Court finds that Plaintiff has waived any argument as to the Requests for Production by failing to develop it in any meaningful way. *See Pirzadah v. Erie LaSalle Venture LLC*, No. 21 C 2988, 2022 WL 17357770, at *2 (N.D. Ill. Dec. 1, 2022) (collecting cases); *Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137 AS, 2008 WL 45357, at *2 (N.D. Ind. Jan. 2, 2008) ("An underdeveloped argument . . . is a waived argument." (citations omitted)). Accordingly, Plaintiff's motion to compel will also be DENIED as to his Requests for Production.

*D. Conclusion*

In sum, "an answer to a discovery request is not evasive or incomplete just because plaintiff says it is. Generalized statements of incompleteness or evasiveness are insufficient to obtain relief from the court . . . ." *Henderson v. Frank*, No. 06-C-12-C, 2006 WL 3377567, at *1 (W.D. Wis. Aug. 8, 2006). Plaintiff's motion to compel improperly rests on speculation and accusations pertaining to Defendants' veracity and seeks to prematurely argue the merits of his procedural due process claim. To reiterate, "it is not the court's job . . . to decide whose version of events is the most credible. That is the jury's job." *Braithwaite,* 2020 WL 4934586, at *7. Consequently, Plaintiff's motion to compel is DENIED in its entirety. Should Plaintiff's procedural due process claim survive any dispositive motions and proceed to trial, he will have his opportunity then to argue the merits of his claim to a jury.

SO ORDERED. Entered this 3rd day of May 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge